UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:23-cr-351-VMC-SPF

JAMES FALZONE

_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Sean P. Flynn's Report and Recommendation (Doc. # 84), filed on July 29, 2024, recommending that Defendant James Falzone's Motion to Suppress (Doc. # 25) be denied. Falzone filed an Objection (Doc. # 85) on August 12, 2024, to which the United States responded on August 26, 2024. (Doc. # 89).

Upon review, the Court accepts and adopts the Report and Recommendation, overrules the Objection, and denies Falzone's Motion.

**Discussion**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and

1

recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendation. 28 U.S.C. § 636(b)(1)(C). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a *de novo* review with respect to that factual issue. Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

In his Objection, Falzone challenges Judge Flynn's determination that the search of Falzone's cellphone was a proper border search for which no reasonable suspicion was required. (Doc. # 85 at 4-5). Rather, Falzone maintains that he was subjected to an extended border search because his cellphone was not searched at the earliest practical point in the United States. (Id. at 6-7). He emphasizes that his

cellphone was not searched at the Port Canaveral border crossing but rather was brought 140 miles away and was searched two days after Falzone's crossing. (Id. at 4, 6-7). Falzone also contends that no reasonable suspicion existed to justify an extended border search of his cellphone. (Id. at 7-10). Finally, Falzone maintains that "there should be no good-faith exception applied to the Government's actions." (Id. at 10-11).

    The Court is unpersuaded by Falzone's arguments. Rather, the Court agrees that the search was a valid border search. (Doc. # 84 at 12). Technological issues required that the cellphone be moved to Tampa for a forensic search of the cellphone to occur two days later, which was the earliest practical point. And, importantly "the phone never cleared customs." (Id.); see United States v. Stewart, 729 F.3d 517, 525 (6th Cir. 2013) ("A routine border search of a laptop computer is not transformed into an 'extended border search' simply because it is transported twenty miles beyond the border and examined within twenty-four hours of the initial seizure. In the course of conducting a customs examination, property remains in the custody of CBP and may be tested off-site by private testing or by CBP until 'cleared' for entry.").

Furthermore, even if the search was an extended border search, the Court agrees with Judge Flynn that reasonable suspicion existed that Falzone's cellphone contained illegal content. (Id. at 13). During their interview at the border crossing, Special Agent Angelosanto showed Falzone a screenshot of the "sexo por gay puto boys hots" group on Viber, which included an image of child pornography. (Doc. # 35-6 at 2). Falzone confirmed that it was his phone number tied to the "Joshua" account and stated he was aware of the group chat. (Id.). This, combined with Falzone's statement to his fiancé that he "underst[ood] if [she] [didn't] want to marry [him] now" (Doc. # 35-7 at 2), provided reasonable suspicion that the cellphone contained child pornography.

Even if reasonable suspicion did not exist, the good faith exception would apply. The Report and Recommendation correctly explains: "HSI had an objectively good faith belief that its warrantless search of Falzone's phone at the border and again at its Tampa office did not violate the Fourth Amendment, because under Eleventh Circuit precedent, neither a warrant, probable cause, nor reasonable suspicion is required for a forensic search of an electronic device at the border." (Doc. # 84 at 13); see also United States v. Touray, No. 120CR00103TWTLTW, 2021 WL 6066101, at *12 (N.D. Ga. Sept.

4

3, 2021) ("Even if the agents had lacked a reasonable suspicion, the Leon good faith exception would apply."), report and recommendation adopted, No. CV 1:20-CR-103-TWT, 2021 WL 5195645 (N.D. Ga. Nov. 8, 2021).

Thus, upon due consideration of the record, including Judge Flynn's Report and Recommendation as well as Falzone's Objection thereto, the Court overrules the Objection, adopts the Report and Recommendation, and denies the Motion to Suppress. The Court agrees with Judge Flynn's detailed and well-reasoned findings of fact and conclusions of law. The Report and Recommendation thoughtfully addresses the issues presented, and the Objection does not provide a basis for rejecting the Report and Recommendation.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 84) is **ACCEPTED** and **ADOPTED.**

(2) Defendant James Falzone's Motion to Suppress (Doc. # 25) is **DENIED.**

**DONE and ORDERED** in Chambers in Tampa, Florida, this 28th day of August, 2024.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE